
05/21/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KENNETH MARSTON GOOD, | § | CASE NO. 08-40955 |
| KG LEGACY OZARKS, LLC, | § | JOINTLY ADMINISTERED |
| LEGACY CAPITAL INVESTMENTS, LLC, | § | |
| KG LEGACY PREMIER, LLC, | § | CHAPTER 11 |
| LMI LBL, LLC, | § | |
| LMI 1 NEW, LP, | § | |
| KG LEGACY JOSEY, LLC, | § | |
| LMI 1 NEW PARKWAY, L.P., | § | |
| | § | |
| DEBTORS. | § | |

**MEMORANDUM OPINION AND ORDER**

On May 20, 2009, the Court heard the following six motions: (1) the *Motion to Declare Debtor in Default Under the First Amended Plan of the Organization and for Order Confirming the Automatic Stay Is No Longer In Effect* [Dkt. No. 362] filed by Charter FL, L.P. ("Charter"); (2) the *Motion to Declare Debtor in Default Under the Debtor's First Amended Plan of Reorganization, as Modified and for Order Confirming Termination of Automatic Stay* [Dkt. No. 363] filed by Southwest Securities, F.S.B. ("Southwest"); (3) the *Motion for Clarification of Order Granting in Part Motion for Reconsideration of Confirmation Order or in the Alternative, Partial Reconsideration of Relief Granted* [Dkt. No. 374] filed by RMR Investments, Inc. ("RMR"); (4) the *Motion for Reconsideration of Order Granting in Part Motion for Reconsideration of Confirmation Order* [Dkt. No. 375] filed by the above-styled Debtors; (5) the *Second Motion for Relief from the Automatic Stay* [Dkt. No. 398] filed by Charter; and (6) the *Motion for Relief from the Automatic Stay Against 58.10 Acres, More or Less, Located in Denton County, Texas* [Dkt. No. 399] filed by Southwest. Having considered the

1

motions, the Debtors' response to the Motions, and the arguments presented at the hearing, the Court makes the following findings and conclusions of law. *See* FED. R. BANKR. P. 7052.[1]

I.

Between April 15, 2008 and June 30, 2008, each of the above-captioned Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases have been jointly administered by this Court. The Court entered an Order Confirming Debtors' First Amended Joint Plan of Reorganization, as Modified (the "Confirmation Order") [Dkt. No. 334] on February 19, 2009. On April 13, 2009, the Court entered a Memorandum Opinion and an Order Granting in Part Reconsideration of Confirmation Order (collectively, the "Reconsideration Order") [Dkt. Nos. 366 and 367]. The Court scheduled a status conference for April 21, 2009, for the purpose of determining whether the Debtors consented to a modification of their plan consistent with the Reconsideration Order.

Southwest is a secured creditor of LMI I New, L.P. ("LMI"), and Charter is a secured creditor of KG Legacy Ozarks, LLC ("KG Legacy Ozarks"). There is no dispute that LMI and KG Legacy Ozarks have not made any of the payments to Southwest and Charter contemplated in their joint plan of reorganization. Southwest and Charter, therefore, seek a declaration LMI and KG Legacy Ozarks are in default of their respective obligations under the joint plan. The Debtors respond that Confirmation Order is not a "final order," as that term is defined in their joint plan, and, therefore, that the effective date has not yet occurred. In particular, within ten days of the entry of the

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. Likewise, to the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court may make additional findings as necessary or as requested by any party.

Reconsideration Order, the Debtors and RMR, which holds a secured claim against Legacy Capital Investments ("LCI"), filed motions to reconsider or clarify the Reconsideration Order.

In its motion seeking clarification of the Reconsideration Order, RMR requests that the Court clarify its Reconsideration Order such that the Debtors' joint plan is confirmed following modification of Section 4.10 to provide that RMR will receive interest at the rate of 15% per annum and the maturity date is 3 years from the Effective Date (as that term is defined in the plan). LCI, however, has not consented to allow this Court to set the term of the underlying obligation to RMR. This Court cannot modify the term of the LCI's plan as requested by RMR without such consent. Accordingly, for the reasons stated in the Reconsideration Order, confirmation of LCI's plan of reorganization should be denied.

The parties have wrestled with the issue or issues as to the nature of these cases in the administrative sense. It is undisputed that the bankruptcy cases of the Debtors have not been substantively consolidated. The Debtors explicitly set out in their filings that there was no substantive consolidation of the Debtors' cases. For example, Article VI, Section 6.06, of the Debtors' First Amended Plan of Reorganization states: "The Debtors' separate Estates are not being substantively consolidated under this Plan."

There is no dispute that conditions have worsened for Mr. Good and the other Debtors since the original confirmation hearing. It is undisputed that the values of the real properties and/or mineral interests securing the claims of Charter, Southwest and RMR have substantially declined. The amount of cash that the Debtors have on hand has diminished by at least 80%, according to Mr. Good's testimony, and the Debtors do not

currently have the cash to meet the payment obligations under the joint plan. Mr. Good has reduced his staff from four people to one. Further, the Debtors are not filing operating reports. *See* FED. R. BANKR. P. 2015(a)(5).

Although the joint plan provides for the satisfaction of the secured claims of Charter and Southwest through the sale of the property securing their claims, the Debtors have not listed any of the property for sale with a real estate agent. Mr. Good is allegedly working with an agent on an informal basis. Mr. Good testified that he thinks that people are willing to help him fund the plan, but he declined to provide any specifics. While the Court understands the Debtors' contentions on this issue, the failure to formally list the properties for sale has legitimately caused concern for creditors.

Mr. Good was unable to testify as the receipts and disbursements in his case during 2009. The only post-confirmation payment he has made on secured debt has been on his home mortgage pursuant to which he has made monthly payments of approximately $36,000. There has been only one sale of the Debtors' property since confirmation, and that sale was for approximately $15,000. Additionally, allegedly with this Court's permission, the Debtors have released approximately 85% of the real estate listed in their plan (excluding Mr. Good's homestead, a parcel of real property in Tulum, Mexico, and the real property securing the claims of Charter, Southwest and RMR).

It is Mr. Good's interpretation of the joint plan that the Debtors are not obligated to take any of the actions contemplated therein because all appeals, etc., have not yet been exhausted and, therefore, the Confirmation Order is not yet a "Final Order" as that term is defined in the joint plan. Charter and Southwest dispute this interpretation of the joint plan, arguing that the dispute between LCI and RMR does not legally or practically

prevent LGI and KG Legacy Ozarks from performing their obligations under the joint plan. In addition, RMR argued in response to the Debtors' request for reconsideration of the Reconsideration Order and at the hearing on May 20, 2009, that grounds exist to convert the Debtors' case to Chapter 7 because, among other things, the Debtors have failed to obtain confirmation of a reorganization plan within a reasonable period of time.

It appears to the Court that the date upon which the plan becomes final or effective, as posed by the Debtors, is illusory, too indefinite, or too protracted. *See, e.g., In re Potomac Iron Works, Inc.,* 217 B.R. 170 (Bankr. D. Md. 1997); *In re Premier Network Services, Inc.,* Case No. 04-33402 (Bankr. N.D. Tex. July 1, 2005) (unpublished). It further appears to the Court that the Debtors' individual plans are stand-alone plans with some sharing of assets. However, the Court has not yet made a final determination on the meaning of the language in the joint plan regarding "finality" and will conduct a brief, continued hearing on this issue. The Court will rule on the motions for relief from the automatic stay and the motions to declare the Debtors' in default under the joint plan filed by Charter and Southwest at the continued hearing as well as RMR's request to convert these cases to Chapter 7.

Finally, in light of the Debtors' interpretation of the effective date of the plan, the Court, *sua sponte*, raises the issue of whether it erroneously concluded in the Confirmation Order that the Debtors' joint plan was feasible. *See* 11 U.S.C. § 1192(a)(11). While Federal Rule of Civil Procedure ("Rule") 60(b), as applied to this case by Federal Rule of Bankruptcy Procedure 9024, contemplates by its language that relief granted thereunder will be "[o]n motion," the rule of the Fifth Circuit, consistent with the rules of other circuits, is that Rule 60(b) relief can be granted *sua sponte* by the

Court after notice to the parties and, presumably, an opportunity to be heard. *See McDowell v. Celebrezze,* 310 F.2d 43, 44 (5th Cir. 1962); *Torres ex rel. Torres v. Trinity Industries, Inc.,* 229 F.Supp.2d 598, 614 (N.D. Tex. 2002). *See also Fort Knox Music Inc. v. Baptiste,* 257 F.3d 108, 110-11 (2nd Cir. 2001); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 351-52 (9th Cir. 1999).

## II.

For the foregoing reasons,

**IT IS ORDERED** that RMR's *Motion for Clarification of Order Granting in Part Motion for Reconsideration of Confirmation Order or in the Alternative, Partial Reconsideration of Relief Granted* [Dkt. No. 374] is granted, in part, the Court hereby clarifies that the Debtors' First Amended Joint Plan of Reorganization, as Modified, is confirmed but not as to LCI and its treatment of RMR's secured claim.

**IT IS FURTHER ORDERED** that the Debtors' *Motion for Reconsideration of Order Granting in Part Motion for Reconsideration of Confirmation Order* [Dkt. No. 375] is **DENIED**.

**IT IS FURTHER ORDERED** that Charter's *Motion to Declare Debtor in Default Under the First Amended Plan of the Organization and for Order Confirming the Automatic Stay Is No Longer In Effect* [Dkt. No. 362] and Charter's *Second Motion for Relief from the Automatic Stay* [Dkt. No. 398] are continued for a further hearing before this Court in the Plano Bankruptcy Courtroom on May 29, 2009, at 10:30 a.m.;

**IT IS FURTHER ORDERED** that Southwest's *Motion to Declare Debtor in Default Under the Debtor's First Amended Plan of Reorganization, as Modified and for Order Confirming Termination of Automatic Stay* [Dkt. No. 363] and Southwest's *Motion*

*for Relief from the Automatic Stay Against 58.10 Acres, More or Less, Located in Denton County, Texas* [Dkt. No. 399] are continued for a further hearing before this Court in the Plano Bankruptcy Courtroom on May 29, 2009, at 10:30 a.m.

**IT IS FURTHER ORDERED** that RMR's motion for conversion of the Debtors' cases to Chapter 7, which is contained within RMR's *Response to Debtors' Motion to Alter or Amend Order Granting in Part Motion for Reconsideration of Confirmation Order* [Dkt. No. 401], and the issue of the feasibility of the joint plan raised by the Court *sua sponte* at the hearing on May 20, 2009 pursuant to Rule 60(b), are likewise scheduled for hearing before this Court in the Plano Bankruptcy Courtroom on May 29, 2009, at 10:30 a.m.

Signed on 05/21/2009

_____ SD
ROBERT C. McGUIRE
UNITED STATES BANKRUPTCY JUDGE